# Exhibit 1

Exhibit 1

# SUMMONS
## (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ALLIANCE MAINTENANCE SOLUTIONS, a Nevada corporation and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAVID PHOENIX

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
Superior Court Of California,
Sacramento
12/19/2014
emedina
By _____, Deputy
Case Number:
34-2014-00173156

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Sacramento Superior Court
720 Ninth Street
Sacramento, CA 95814

**CASE NUMBER:** *(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Peter F. Samuel (SBN 072503)   SAMUEL and SAMUEL
5050 Sunrise Blvd., Ste. C-1    (916) 966-4722
Fair Oaks, CA 95628             (916) 962-2219 Facsimile

DATE: 12/19/14                  Clerk, by  E. MEDINA             , Deputy
*(Fecha)*                       *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Martin Dean's
ESSENTIAL FORMS™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



Phoenix, David

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Peter F. Samuel (SBN 077503)<br>SAMUEL and SAMUEL<br>5050 Sunrise Blvd., Ste. C-1<br>Fair Oaks, CA 95628<br>TELEPHONE NO.: (916) 966-4722   FAX NO.: (916) 962-2219<br>ATTORNEY FOR (Name): Plaintiff | FILED<br>Superior Court Of California,<br>Sacramento<br>12/19/2014<br>emedina<br>By_____, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>STREET ADDRESS: 720 Ninth Street<br>MAILING ADDRESS: 720 Ninth Street<br>CITY AND ZIP CODE: Sacramento, CA 95814<br>BRANCH NAME: | |
| CASE NAME: PHOENIX v. AMS, et al. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | Case Number: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount         (Amount<br>demanded      demanded is<br>exceeds $25,000) $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 34-2014-00173156<br>JUDGE:<br>DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): 5: wrongful term.; age discrimination; lab. code § 2802; lab. code §203
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 18, 2014

Peter F. Samuel                              ▶ /s/ Peter Samuel
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
Martin Dean's ESSENTIAL FORMS™

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Phoenix, David

PETER F. SAMUEL, SBN 072503
SAMUEL and SAMUEL
5050 Sunrise Boulevard, Suite C-1
Fair Oaks, CA 95628
(916) 966-4722
(916) 962-2219 Fax
pfsamuel@samuellaw.com

Attorneys for Plaintiff,
DAVID PHOENIX

FILED
Superior Court Of California,
Sacramento
12/19/2014
emedina
By_____, Deputy
Case Number:
34-2014-00173156

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

# IN AND FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| DAVID PHOENIX,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ALLIANCE MAINTENANCE SOLUTIONS, a Nevada corporation; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.　WRONGFUL TERMINATION FOR DISABILITY DISCRIMINATION IN VIOLATION OF PUBLIC POLICY;<br>2.　AGE DISCRIMINATION;<br>3.　WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;<br>4.　VIOLATION OF LABOR CODE § 2802; AND<br>5.　WAITING TIME PENALTIES (LAB. CODE § 203)<br><br>[DEMAND FOR JURY TRIAL] |

Plaintiff DAVID PHOENIX complains and alleges as follows:

## I. INTRODUCTION

1. This case arises out of disability discrimination, age discrimination, wrongful termination and employment practices by the Defendants.

2. Plaintiff DAVID PHOENIX, a competent adult, was an employee of the Defendants during all times relevant herein. As used herein, the term "Plaintiff" or "PHOENIX" refers to Plaintiff DAVID PHOENIX.

3. Plaintiff is informed and believes and thereon alleges that Defendant ALLIANCE MAINTENANCE SOLUTIONS, a Nevada corporation (hereinafter "Defendant", "Defendant AMS" or "AMS") is, and at all times relevant hereto was, a Nevada corporation doing business in the State of California.

4. Defendants DOES 1 through 50, inclusive, are owners, operators, managers, subsidiaries of or owned entities of Defendants, and each of them, who were conducting business in the State of California and employing employees in the State of California. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

5. Whenever in this Complaint reference is made to any act of Defendants, such allegations shall be deemed to mean all named Defendants and DOES 1 through 50, inclusive, or their officers, agents, managers, representatives, employees, heirs, assignees, customers and tenants who did or authorized such acts while actively engaged in the operation, management, direction or control of the affairs of Defendants and while acting within the course and scope of their duties.

## JURISDICTION AND VENUE

6. Pursuant to Code of Civil Procedure section 395(a), venue is proper in this judicial district because Plaintiff performed work for Defendants in the County of Sacramento, wherein the allegations which gave rise to this action occurred. The monetary claim of the Plaintiff is within the jurisdiction of this court.

## BACKGROUND FACTS COMMON TO ALL CAUSES OF ACTION

7. On or about January 13, 2014, PHOENIX was hired by AMS as a janitor.

8. Plaintiff's duties with AMS included stripping the wax from the floors, polishing floors and mopping and cleaning floors.

9. PHOENIX was paid $10.50 per hour, working six (6) days per week.

///

10. On February 19, 2014, while stripping the floors at Safeway, located at 1814 19th Street, in Sacramento, California, PHOENIX slipped and fell backwards, hitting and injuring his wrists and cut his right thumb knuckle on the blade used for stripping.

11. On February 19, 2014, PHOENIX was seen at Mercy Hospital emergency room and received stitches on his right thumb knuckle.

12. On February 21, 2014, PHOENIX went to work and reported his injuries to Fernando, his supervisor and to AMS's Human Resources Representative, Kim. Last name unknown.

13. On February 21, 2014, PHOENIX told his supervisor, Fernando, that he would file a workers' compensation claim.

14. PHOENIX continued to work until February 24, 2014 and was terminated by AMS effective February 26, 2014, four (4) days before his stitches were to be removed.

15. PHOENIX was fifty-two years old at the time he was terminated.

16. PHOENIX has not been provided an accurate and lawfully itemized pay stubs as required by Labor Codes §226 et seq. and 1174 et seq. and PHOENIX did not receive all pay to which he was entitled as required under Labor Code §§201 through 203 et seq. Plaintiff, as an aggrieved party, notified California's Labor and Workforce Development Agency ("LWDA") on October 16, 2014, of Defendants' Labor Code and other violations as alleged herein with intent to seek all civil penalties under P.A.G.A. Upon receipt of the L.W.D.A.'S decision regarding its intent to investigate the Labor Code and other violations alleged herein, Plaintiff shall amend this complaint as a matter of right, pursuant to Labor Code § 2699.3(a)(2)(C), and sue under PAGA to collect the civil penalties authorized therein if so permitted by the L.W.D.A. to seek the civil penalties.

## FIRST CAUSE OF ACTION
(Wrongful Termination for Disability Discrimination in Violation of Public Policy- Against all Defendants)

17. Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 16, inclusive, as though fully set forth herein.

///

18. PHOENIX filed a Department of Fair Employment and Housing ("DFEH") complaint and received his Right to Sue letter on August 4, 2014.

19. At all times mentioned, Government Code sections 12940(a), et seq. were in full force and effect and were binding on Defendants. These sections require Defendants to refrain from discriminating against any employee based on Disability or medical condition. Within the time provided by law, Plaintiff filed a Complaint with the California Department of Fair Employment and Housing in full compliance with these sections and received a "right-to-sue" letter.

20. Plaintiff believes and thereon alleges that his disability and medical condition was a factor in Defendants' decision to terminate his employment. Such discrimination was in violation of the public policy of the State of California as reflected in Government Code sections 12940(a) et seq. and resulted in damage and injury to Plaintiff as alleged herein.

21. As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits, including workers' compensation benefits to which he was entitled.

22. As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in an amount according to proof.

23. In light of Defendants' willful, knowing and intentional discrimination against Plaintiff, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

24. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of said expenses and fees and prays leave of court to amend this Complaint when said amounts are more fully known.

WHEREFORE, Plaintiff requests relief as prayed for hereinafter.

///

## SECOND CAUSE OF ACTION
(Age Discrimination)

25. Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 16, inclusive, and paragraphs 17 through 24, inclusive as though fully set forth herein.

26. Plaintiff believes and thereon alleges that his age was a factor in Defendants' decision to terminate him. Such discrimination was in violation of the public policy of the State of California as reflected in Government Code sections 12940(a) and 12941 and resulted in damage and injury to Plaintiff as alleged herein.

27. As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, he has sustained and continues to sustain substantial losses in earnings and other employment benefits.

28. As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, he has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

29. In light of Defendants' willful, knowing and intentional discrimination against Plaintiff, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

30. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of said expenses and fees and prays leave of court to amend this complaint when said amounts are more fully known.

WHEREFORE, Plaintiff requests relief as prayed for hereinafter.

## THIRD CAUSE OF ACTION
(Wrongful Termination of Violation of Public Policy – Against All Defendants)

31. Plaintiff incorporates paragraphs 1 through 16, inclusive, paragraphs 17 through 24, inclusive and paragraphs 25 through 30 of this Complaint as though fully set forth herein.

32. On or about February 26, 2014, Defendants wrongfully terminated Plaintiff in violation of a substantial and fundamental public policy in that a determining and motivating

factor in the decision to terminate him was the desire to retaliate against him because he injured himself and would file a workers' compensation claim and because he was over 40 years of age.

33. As a direct and proximate result of the wrongful termination, Plaintiff sustained economic damages for past and future loss of earnings and benefits, according to proof.

34. As a further direct and proximate result of the wrongful termination, Plaintiff sustained general damages for mental and emotional distress in sums prayed.

35. Defendants acted with malice and oppression toward Plaintiff and with conscious disregard of Plaintiff's rights, and Plaintiff is thus entitled to punitive damages against Defendants in sums sufficient to punish them and set an example in view of their financial condition.

## FOURTH CAUSE OF ACTION
### (Violation of Labor Code § 2802 – Against All Defendants)

36. Plaintiff incorporates paragraphs 1 through 16, inclusive, paragraphs 17 through 24, inclusive, and paragraphs 25 through 30, inclusive, of this Complaint as though fully set forth herein.

37. Pursuant to California law, as set forth in Labor Code section 2802

> "(a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

38. Plaintiff at all times relevant hereto, as set forth heretofore, expended money to pay for gasoline to get from job to job at the direction of Defendants.

39. Defendants have never indemnified Plaintiff the expenditure he had been required to make as stated in the paragraph above.

40. As a direct and proximate result of Defendants' failure to indemnify Plaintiff, he has been damaged in an amount subject of $17.40 and pursuant to Labor Code section

2802, is entitled, in addition to the amounts he should have been indemnified, to interest and attorney's fees.

### FIFTH CAUSE OF ACTION
### FOR WAITING TIME PENALTIES
### (LABOR CODES §§ 201 through 203);
### (Against All Defendants)

41. Plaintiff incorporates paragraphs 1 through 16, inclusive, paragraphs 17 through 24, inclusive, paragraphs 25 through 30, inclusive, and paragraphs 36 through 40, inclusive of this Complaint as though fully set forth herein.

42. Defendants willfully failed to pay Plaintiff the premium earned and due to him within 72 hours of his termination on or about February 26, 2014.

43. Defendants are liable for statutory and civil waiting time penalties of up to thirty (30) days of pay pursuant to Labor Code, section 203 in the sum of $2,520.00, calculated as follows: $10.50 per hour x 8 x 30.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages, including lost wages and employment benefits according to proof;

2. For mental and emotional distress damages;

3. For Waiting Time penalties of $2,520.00;

4. For § 2802 damages of $34.10;

5. For punitive damages;

6. For an award of interest, including prejudgment interest, at the legal rate;

7. For an award of attorney's fees;

8. For costs of suit incurred; and

///
///

9. For such other and further relief as the court deems appropriate.

Date: December 18, 2014

SAMUEL and SAMUEL

By: *[signature]*
PETER F. SAMUEL,
Attorney for Plaintiff
DAVID PHOENIX